**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**PLUMBERS & STEAMFITTERS LOCAL NO 434
HEALTH & WELFARE FUND, et al.,
 Plaintiffs,**
 **v.** Case No. 07-C-485

**AMERICAN MECHANICAL OF WI INC.,
 Defendant.**

---

**ORDER**

On April 4, 2006, plaintiffs – Plumbers & Steamfitters Local No 434 Health & Welfare Fund, Plumbers & Steamfitters Local No 434 Union Assessment Fund, Plumbers & Steamfitters Local No 434 Education Fund, Plumbers & Steamfitters Local No 434 Organizing Fund, Plumbers & Steamfitters Local No 434 Industry Fund, Plumbers & Steamfitters Local No 434 Supplemental Pension Fund, Plumbers & Pipefitters National Pension Fund, Terry Hayden and Charles Falch – brought this action against defendant American Mechanical of WI Inc. for violations of the Labor Management Relations Act of 1947 (LMRA) and of the Employee Retirement Income Security Act of 1974 (ERISA). Defendant failed to appear and file a responsive pleading. On August 7, 2007, plaintiff filed a motion for entry of default and an application for default judgment, and sent such filings to defendant. On August 8, 2007, the clerk of court entered default against defendant in accordance with Fed. R. Civ. P. 55(a).

Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). Thus, the following relevant allegations relating to liability are taken as true: plaintiffs are employee benefit funds within the meaning of ERISA or fiduciaries of such funds. Defendant is an employer in an industry affecting commerce within the meaning of LMRA and the ERISA. Defendant agreed to abide by the terms of a collective bargaining

agreement that commenced on June 6, 2006 and will expire on May 31, 2009. Defendant failed to abide by the terms of such agreement by failing to make continuing and prompt payments to the plaintiff funds and failing to accurately report employee work statuses to the funds. These allegations, now taken as true, sufficiently establish a violation of ERISA § 215, which requires employers to contribute to multi-employer employee benefit plans under a collective bargaining agreement according to the terms of such agreement. See 29 U.S.C. § 1145.

Thus, I turn to damages. "Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." Dundee, 722 F.2d at 1323. A court examining a motion for default judgment should hold a hearing as to damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. ERISA provides that in any action to enforce § 515 in which the court awards judgment in favor of the plan, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be [*3] permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g). Plaintiffs have provided detailed affidavits and documentary evidence showing that as of March 31, 2007, defendants were delinquent in making contributions to the plaintiff funds in the amount of $49,649.60, with interest totaling $2,633.29. In addition, plaintiffs have filed the collective bargaining agreement providing for liquidated damages in the

amount of 20% of the total delinquency, which in this case equals $9,929.92. Finally, plaintiffs have provided sufficient evidence that they are owed attorney fees in the amount of $1,500 and litigation costs in the amount of $384. As such, plaintiffs have proven that they are entitled to damages in the amount of $64,096.81.

**Therefore,**

**IT IS ORDERED** that plaintiffs' application for entry of default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment be entered against defendant American Mechanical of Wisconsin and in favor of plaintiffs Plumbers & Steamfitters Local No 434 Health & Welfare Fund, Plumbers & Steamfitters Local No 434 Union Assessment Fund, Plumbers & Steamfitters Local No 434 Education Fund, Plumbers & Steamfitters Local No 434 Organizing Fund, Plumbers & Steamfitters Local No 434 Industry Fund, Plumbers & Steamfitters Local No 434 Supplemental Pension Fund, Plumbers & Pipefitters National Pension Fund, and Terry Hayden and Charles Falch in their capacity as trustees of the funds, in the amount of $64,096.81 to date, along with interest thereon at the rate provided by law.

Dated at Milwaukee, Wisconsin, this 11 day of September, 2007.

/s                                    
LYNN ADELMAN  
District Judge

-3-
Case 2:07-cv-00485-LA   Filed 09/12/07   Page 3 of 3   Document 13